ing paid, and reserved the right to discharge him as such helper. We do not regard as conclusively showing the nonexistence of the relation the fact that the company did not carry Litton on its payroll or withhold social security or income taxes since it knew that he was being paid out of the money it paid Mahan. 99 C.J.S. Workmen's Compensation §§ 39, 64, 104.

Our conclusion is that the court was without jurisdiction. Accordingly, the judgment is

Reversed.

---

Michael A. Rowady, Winchester, F. D. Curry, Harrodsburg, for appellants.

Beverly White, Winchester, for appellee.

PER CURIAM.

Motion for an appeal from a judgment dismissing appellants' complaint seeking a recovery of $2,100 which allegedly represents the balance due appellant for constructing an auxiliary pumping station for appellee.

We have reviewed the record and are of the opinion that the evidence and law support the judgment entered in this action by the trial court.

The motion for an appeal is overruled and the judgment stands affirmed.

---

**G. E. CLARKE et al., Partners, D/B/A Clarke, Stewart and Wood Company, Appellants,**

v.

**CITY OF WINCHESTER, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

---

**Ernest BENGE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

